UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN SHULTHIESS,

    Plaintiff,

vs.                                                                         Case No. 8:14-cv-2935-T-27AEP

LM GENERAL INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Permissive Joinder and Leave to File Amended Complaint, and Motion for Remand (Dkt. 5), and Defendant's opposition (Dkt. 6). Upon consideration, the motion is **GRANTED**.

Plaintiff Steven Shulthiess, who had uninsured/underinsured motorist coverage from Defendant LM General Insurance Company, was involved in an automobile accident with underinsured motorist John Calvin Swecker. (Dkt. 2 ¶ 9; Dkt. 3 at 5). Plaintiff brought suit against Defendant in state court. (Dkt. 2). Defendant removed the case to federal court on the basis of diversity jurisdiction. (Dkt. 1). In its Answer and Affirmative Defenses to Plaintiff's original complaint, Defendant named Swecker as a *Fabre* defendant.[1] (Dkt. 3 at 5). Plaintiff then sought leave to amend his complaint to name Swecker as an additional party defendant, which would destroy diversity jurisdiction, and to remand the case to state court. (Dkt. 5).

---

[1] "The term *Fabre* defense refers to a defendant's contention that a non-party defendant is wholly or partially responsible for the negligence alleged." *Michael v. Medical Staffing Network, Inc.*, 947 So.2d 614, 617 n. 3 (Fla. 3d DCA 2007) (citations omitted).

1

When a plaintiff seeks to add a non-diverse defendant after removal, the district court has discretion whether to allow the joinder and remand the case, or deny joinder and retain the case. 28 U.S.C. § 1447(e); *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 640 (11th Cir. 2007); *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). Factors considered include "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities." *Henry v. K-Mart Corp.*, No. 8:10-CV-2105-T-33MAP, 2010 WL 5113558, at *2 (M.D. Fla. Dec. 9, 2010); *see Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1997) (enumerating same factors prior to enactment of § 1447(e)).

Here, the factors weigh in favor of remand. First, although the addition of Swecker as a defendant would defeat federal jurisdiction, his liability is at issue in this case, which Defendant has recognized in naming Swecker as a *Fabre* defendant. *See Turner v. Pennsylvania Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *5 (M.D. Fla. Oct. 22, 2007) (allowing plaintiff to join non-diverse defendant involved in automobile accident in uninsured motorist lawsuit, when insurance company defendant named the non-diverse defendant as a *Fabre* defendant); *Dykes v. Twin City Fire Ins. Co.*, No. 10-3045-cv-S-JTM, 2010 WL 2349101, at *2 (W.D. Mo. June 8, 2010) (same); *Cannon v. Hartford Ins. Co. of Midwest*, No. 3:97-cv-1912-D, 1997 WL 760500 (N.D. Tex. Nov. 19, 1997).

Second, there is no dispute that Plaintiff promptly moved to amend his complaint after removal and the identification of Swecker as a *Fabre* defendant, and before the commencement of discovery. Defendant argues this timing suggests the amendment was made to defeat jurisdiction.

*See Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354, 1357 (S.D. Fla. 2013) (joining "non-diverse defendant immediately after removal but before discovery . . . suggests the amendment is done with specific purpose of destroying diversity jurisdiction.") (quotation and citation omitted). However, the test asks whether Plaintiff has been "dilatory" in seeking amendment, and a presumption against promptly seeking remand would render this factor a nullity. *See Hensgens*, 833 F.2d at 1182; *Turner*, 2007 WL 3104930, at *6.

Third, Plaintiff may be injured if Swecker is not joined as a defendant. Although the tortfeasor is not an indispensable party in an underinsured motorist claim under Florida state law, the tortfeasor may be joined as a defendant in such a claim. *Young v. Ganese Dharamdass*, 695 So. 2d 828, 829 (Fla. 4th DCA 1997). Additionally, Defendant has raised the issue of comparative fault by naming Swecker as a *Fabre* defendant. *Turner*, 2007 WL 3104930, at *5-6. Therefore, this factor weighs in favor of joining Swecker as a party defendant.

Finally, the equities weigh in favor of remand. Defendant argues that the removal statutes give it the choice of a state or federal forum. *Hensgens*, 833 F.2d at 1182. However, this interest is outweighed by Plaintiff's interests in having the alleged tortfeasor joined as a defendant to this action. As joinder of the non-diverse defendant will be permitted, federal subject matter jurisdiction no longer exists, and this case must be remanded to state court. 28 U.S.C. § 1447(e).

Accordingly,

1) Plaintiff's Motion for Permissive Joinder and Leave to File Amended Complaint, and Motion for Remand (Dkt. 5) is **GRANTED**.

2) The Clerk is directed to file the Amended Complaint currently docketed at Dkt. 5-1.

3) This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and

for Hillsborough County, Florida. The Clerk is directed to mail a copy of this Order to the Clerk of the Circuit Court of the Thirteenth Judicial Circuit and to **CLOSE** the file.

**DONE AND ORDERED** this 9th day of January, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record
Clerk, Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida